51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JEWELL RESOURCES CORPORATION, Petitioner,
v.
Harvey R. KINDER; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 93-1236.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1994.
Decided March 30, 1995.
 
 ARGUED: Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Chartered, Washington, DC, for petitioner. Gerald Francis Sharp, Browning, Morefield, Lamie & Sharp, Grundy, VA, for respondent Kinder; J. Matthew McCracken, Office of the Solicitor, United States Department of Labor, Washington, DC, for respondent Director. ON BRIEF: Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, DC, for respondent Director.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jewell Resources Corporation (Jewell) appeals from an order of the Benefits Review Board affirming the decision of an administrative law judge (ALJ) to award black lung benefits to Harvey Kinder. We find that in light of the Supreme Court's holding in Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994), the ALJ erred by applying the "true doubt" rule to interpret inconsistent readings of two x-rays in Kinder's favor. Accordingly, we vacate the award of benefits and remand.
 
 I.
 
 2
 Harvey Kinder, who is seventy-three years old, worked as a coal miner for over thirty years. He was employed for at least the last ten of those years by affiliates of Jewell. Kinder applied for black lung benefits in May, 1978, and in March, 1984, his claim was referred to an ALJ. In his initial decision, rendered on January 5, 1987, the ALJ found Kinder disabled under the interim presumption provided by 20 C.F.R. Sec. 727.203(a)(1).[1] In accordance with Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub nom. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987), which then controlled in this circuit, the ALJ found the presumption invoked on the basis of a single x-ray. The ALJ also found that the employer had failed to rebut the presumption of total disability under any method available under 20 C.F.R. Sec. 727.203(b).[2] Accordingly, the ALJ awarded Kinder benefits.
 
 
 3
 In 1987, while Kinder's case was on appeal to the Benefits Review Board, the Supreme Court reversed Stapleton in Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987). The Board consequently vacated the ALJ's award of benefits.
 
 
 4
 On remand the ALJ allowed Kinder and Jewell to submit additional evidence. In determining whether Kinder was totally disabled, the ALJ considered thirty interpretations of twelve x-rays. ALJ determined that six of these x-rays had been read only positive for pneumoconiosis and three had been read only negative.
 
 
 5
 The remaining three x-rays had been read both positive and negative. Of these, the ALJ found that one had been read as negative by the more qualified readers and considered the x-ray negative for pneumoconiosis. The ALJ found that the evidence with regard to the other two (dated March 7, 1980 and October 29, 1981) was in equipoise and applied the "true doubt" rule[3] to resolve the conflicting interpretations in Kinder's favor. Thus, the ALJ concluded that eight x-rays were positive for pneumoconiosis and four were negative. Finding the early positive readings to be more probative than the later negative readings, the ALJ concluded that the interim presumption of disability had been invoked under 20 C.F.R. Sec. 727.203(a)(1).
 
 
 6
 The ALJ further concluded that the evidence was not sufficient to rebut the interim presumption under Sec. 727.203(b)(3) or (b)(4). Accordingly, the ALJ again awarded Kinder benefits. The Benefits Review Board affirmed the award, and Jewell now appeals the decision of the Board.
 
 II.
 
 7
 The Supreme Court recently held that the "true doubt" rule, which the ALJ used to resolve conflicting x-ray evidence in Kinder's favor, violates the Administrative Procedure Act and is therefore invalid. Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994). Both Jewell and the Director of the OWCP argue that the ALJ's decision must be vacated in the light of Greenwich Collieries, and we agree. The interpretations of the x-rays of March 7, 1980 and October 29, 1981 were inconsistent, and the use of the true doubt rule to resolve the inconsistencies in Kinder's favor was an important step toward the ALJ's ultimate invocation of the interim presumption. The ALJ might have come to a different conclusion if he had not used the rule. We therefore vacate the Board's affirmance of the ALJ's award of benefits and remand for additional proceedings. On remand, the ALJ should reassess whether the interim presumption has been invoked in light of Greenwich Collieries.[4] We do not agree with Jewell, however, that Greenwich Collieries requires the ALJ to regard the two x-rays with inconsistent readings as negative for pneumoconiosis. Kinder bears the ultimate burden to establish by a preponderance of evidence that the interim presumption has been invoked. However, this burden should not affect the ALJ's interpretation of a given x-ray. The fact that the interpretations of a particular x-ray are in equipoise should weigh neither for nor against the existence of pneumoconiosis. On remand, if the ALJ determines that the readings of the March 7, 1980 and October 29, 1981 x-rays are truly in equipoise, he should treat those films accordingly.
 
 III.
 
 8
 For the foregoing reasons, we vacate the Benefit Review Board's affirmance of the ALJ's award of benefits and remand for additional proceedings. On remand the ALJ should consider, in light of Greenwich Collieries, whether the evidence invokes the interim presumption of total disability.
 
 VACATED AND REMANDED
 
 
 [1]
 Section 727.203(a)(1) presumes that a miner is totally disabled if "[a] chest roentgenogram (X-ray) ... establishes the existence of pneumoconiosis."
 
 
 [2]
 The interim presumption of disability may be rebutted under Sec. 727.203(b) if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ...; or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ...; or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) the evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [3]
 When there is conflicting but equally probative evidence for and against the existence of a particular fact, the "true doubt" rule required that the ALJ give the benefit of the doubt to the claimant. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993)
 
 
 [4]
 The ALJ also applied the true doubt rule in determining that the evidence was insufficient to rebut the interim presumption under Sec. 727.203(b)(4). Because we vacate the ALJ's finding that the interim presumption has been invoked, we need not consider the issue of rebuttal. We do, however, note that in light of the Supreme Court's decision in Mullins, 484 U.S. at 150-51 n. 26, a finding on remand that the x-ray evidence establishes the existence of pneumoconiosis under Sec. 727.203(a)(1) would foreclose rebuttal under Sec. 727.203(b)(4) on the grounds that Kinder does not actually suffer from pneumoconiosis. See Grigg v. Director, OWCP, 28 F.3d 416, 419 (4th Cir.1994). With regard to the ALJ's finding that the evidence did not support rebuttal under Sec. 727.203(b)(3), we note that the medical opinions that the ALJ found less credible--those of Drs. Garzon, Castle, and EndresBercher--were premised on the assumption that Kinder did not have pneumoconiosis. If on remand the ALJ finds that the x-ray evidence establish that Kinder had pneumoconiosis, these opinions may "not [be] worthy of much, if any, weight." Grigg, 28 F.3d at 419